# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MATTHEWS, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | NO.  24-6444 |
| | : | |
| CITY OF PHILADELPHIA, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**MURPHY, J.**                                                                                           February 13, 2025

John Matthews has filed a *pro se* Complaint raising constitutional claims against the City of Philadelphia, Assistant District Attorney John P. Bezerra, and Philadelphia Police Officers William Brophy and Tyrone Green.[1] He also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Matthews *in forma pauperis* status and dismiss his claims upon statutory screening.

**I.      FACTUAL ALLEGATIONS**[2]

Mr. Matthews asserts that on July 15, 2021, Brophy pulled him over "without cause or a traffic violation." DI 5 at 7. He claims that Green then "appeared out of nowhere and told . . . Brophy that he was given the okay by . . . Bezerra to do what needs to be done to get a statement

---

[1] Mr. Matthews originally filed a motion to proceed *in forma pauperis* with an attachment listing six Defendants, including the "Department of Human Services" and "Jane Doe #1," DI 1 at 4, but failed to file a complaint. In response to our deficiency order, Mr. Matthews filed his complaint, and named only the four defendants listed above. *See* DI 5 at 2-4. Although it was docketed as an "Amended Complaint," because it was Mr. Matthews's first complaint, we will direct the Clerk to amend the docket entry.

[2] The factual allegations set forth in this Memorandum are taken from Mr. Matthews's complaint, DI 5. We adopt the sequential pagination assigned by the CM/ECF docketing system. Additionally, we include facts reflected in publicly available state court records, of which we may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

from [Mr. Matthews]." *Id.* Mr. Matthews alleges that Brophy then reached inside his pants, grabbed his genitals, and "squeezed" until Mr. Matthews screamed, at which point Green slammed him onto the hood of his car and split his lip open. *Id.* Mr. Matthews claims that, after this assault, he was released "and never received any traffic citation or ticket." *Id.* at 8. He alleges that the "sexual harassment occurred three times over a course of two weeks during random traffic stops" and that he "was threatened he would be killed if he reported it." *Id.* He states that he "was not under arrest or charged with a crime" "[d]uring this entire timeline of events within the complaint."[3] *Id.* Mr. Matthews further alleges that the City of Philadelphia "knew of ongoing reports of sexual assaults and abuse by Philadelphia Police Officers," but failed to act on these reports, instead encouraging the use of these tactics to coerce statements from suspects. *Id.* at 8-9.

Mr. Matthews claims that, as a result of the defendants' conduct, he suffered various physical and psychological injuries. *Id.* at 6. He seeks a declaratory judgment that the City of Philadelphia violated his "Fourteenth Amendment rights when they falsely imprisoned him for voicing his concerns to the public via Facebook," as well as $175,000 in damages. *Id.*

## II.    STANDARD OF REVIEW

The Court will grant Mr. Matthews leave to proceed *in forma pauperis*.[4]  28 U.S.C. § 1915(e)(2)(B)(ii) requires us to dismiss the complaint if it fails to state a claim. Whether a

---

[3] Publicly available court records indicate that Mr. Matthews was arrested on July 15, 2021. *See Commonwealth v. Matthews*, No. 2093 EDA 2023, 2025 WL 249390 (Pa. Super. Ct. Jan. 21, 2025). He posted bail on August 26, 2021. *See Commonwealth v. Matthews*, No. CP-51-CR-0007400-2021 (Pa. Ct. Comm. Pl.). He was later convicted of rape by forcible compulsion, involuntary deviate sexual intercourse by forcible compulsion, sexual assault, corruption of minors, and related offenses. *Matthews*, 2025 WL 249390 at *1.

[4] Because Mr. Matthews is incarcerated, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Mr. Matthews's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Mr. Matthews is proceeding *pro se*, we construe his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III.     DISCUSSION

#### A.     **Excessive Force**

Mr. Matthews's claim that he was assaulted by Brophy during a traffic stop at Bezerra's direction is best construed as a claim for excessive force under the Fourth Amendment.[5] The

---

[5] Mr. Matthews has not asserted any claim against Bezerra in his individual or official capacity as Assistant District Attorney, other than that he "instructed" Brophy and Green "to sexually harass [Matthews] and force [him] into making a statement." DI 5 at 7-8. Although Mr. Matthews's request for declaratory judgment referenced his having been "falsely imprisoned . . . for voicing his concerns to the public via Facebook," *id.* at 6, this lone, stray statement is unconnected to any other facts and thus far too vague and ambiguous to state any claim to relief.
Moreover, declaratory relief is unavailable to adjudicate past conduct, so Mr. Matthews's request for this declaratory relief is improper in any event. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). A declaratory judgment is also not "meant simply to proclaim that one party is liable to another." *Corliss*, 200 F. App'x at 84.

vehicle by which constitutional claims may be pursued in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, the limitations period applicable to Mr. Matthews's excessive force claim is two years.

A statute of limitations is an affirmative defense normally raised in an answer to the complaint. *See* Fed. R. Civ. P. 8(c). "[A] complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense." *Schmidt v. Skolas*, 770 F.3d 241, 248 (3d Cir. 2014). However, the Third Circuit "permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (internal quotation marks and citations omitted). "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

Mr. Matthews's claims for excessive force are facially time barred. The facts alleged in the Complaint took place on July 15, 2021, and the two weeks that followed. That was nearly three-and-a-half years before Mr. Matthews filed this action in November 2024, and therefore well beyond the two-year limitations period.

In certain circumstances, Pennsylvania's "discovery rule" may operate to delay the running of the statute of limitations. *Nicolaou v. Martin*, 195 A.3d 880, 892 (Pa. 2018) (explaining that "the discovery rule tolls the statute of limitations where the plaintiff is reasonably unaware that he has been injured and that his injury has been caused by another party's conduct"). "As the discovery rule has developed, the salient point giving rise to its application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause." *Fine v. Checcio*, 870 A.2d 850, 859 (Pa. 2005). Whether a party knew or should have known of his injury is a question of fact. *Id.* at 858. As such, it is properly a question for the jury unless no reasonable juror could find otherwise. *Id* at 858-59.

Here, no reasonable juror could find that the discovery rule renders Mr. Matthews's excessive force claim timely. Because he unquestionably would have known of his injury at the time of the alleged assault in July 2021, his excessive force claim is time barred. Accordingly, his excessive force claim is dismissed with prejudice for failure to state a claim to relief.

B.     **Municipal Liability**

Mr. Matthews also asserts a claim for municipal liability against the City of Philadelphia. To plead a municipal liability claim under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). A plaintiff may also state a basis for *Monell* municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* at 106. "It

is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim." *See Mulholland v. Gov't Cnty. of Berks*, 706 F.3d 227, 238 n.15 (3d Cir. 2013).

A policy allegation based solely on the incident involved in this case is not plausible; rather Mr. Matthews must allege sufficient facts to show that the City of Philadelphia had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury. *See Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019); *see also Phillips v. Northampton Cnty.*, 687 F. App'x 129, 132 (3d Cir. 2017) (*per curiam*) (affirming dismissal of complaint where "[o]ther than some wholly conclusory and highly generalized assertions about unspecified patterns of misconduct, [plaintiff] pleaded no facts to support the existence of any policy, custom, or practice beyond those involving his own [experiences]"). Mr. Matthews's complaint only contains specific facts about his own experience — all allegations related to municipal liability are conclusory. For example, Mr. Matthews alleges that the City of Philadelphia failed to act on unspecified "ongoing reports" of abuse, DI 5 at 8, but there are no facts alleged from which we could infer a policy, practice, or custom. And the same is true for the claims of failure to intervene and failure to train, in which Mr. Matthews states individual officers "have a record of abusing policy, and procedures regarding traffic stops, investigations, coercion, and suggestions of false statements." *Id.* at 9. These are broad and conclusory allegations from which we cannot plausibly infer municipal liability. Accordingly, Mr. Matthews has not pled sufficient facts to state a claim to relief under *Monell*. His claim will be dismissed without prejudice.

Moreover, *Monell* claims are also subject to a two-year statute of limitations. *English v. City of Wilkes-Barre,* No. 22-2477, 2023 WL 2400698, at *1 (3d Cir. Mar. 8, 2023). The same underlying events are at issue, so the claim would appear untimely. However, unlike with his excessive force claim, the Court cannot definitively conclude that Mr. Matthews's *Monell* claim

6

is untimely on its face in the absence of any facts about how Mr. Matthews arrived at the "information and belief" that the City of Philadelphia's failure to act on reports of sexual abuse by police officers, DI 5 at 8, may have contributed to his alleged injuries. In addition to the defects identified above, should Mr. Matthews choose to amend his *Monell* claim, he should address whether, and if so how, the discovery rule might apply to render his *Monell* claim timely.

### IV.    CONCLUSION

For the reasons provided, Mr. Matthews's complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii). His excessive force claim is dismissed with prejudice, and his *Monell* claim is dismissed without prejudice. Mr. Matthews may amend his complaint as to the *Monell* claim within 30 days.