IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN MATTHEWS,** : | **CIVIL ACTION** |
| Plaintiff, : | |
| : | |
| v. : | NO. 24-6444 |
| : | |
| **CITY OF PHILADELPHIA,** *et al.*, : | |
| Defendants. : | |

**ORDER**

**AND NOW**, this 13th day of February 2025, upon consideration of Plaintiff John Matthews's motion to proceed *in forma pauperis* (DI 1), Prisoner Trust Fund Account Statement (DI 2), and *pro se* complaint (DI 5), it is **ORDERED**:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (DI 1) is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. John Matthews, #QP-7197, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Rockview or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Mr. Matthews's inmate account; or (b) the average monthly balance in Mr. Matthews's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Mr. Matthews's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding

month's income credited to Mr. Matthews's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

    3.    The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Rockview.

    4.    The Clerk of Court is **DIRECTED** to amend the docket text for DI 5 to rename the "Amended Complaint" as the "Complaint."

    5.    The complaint is **DEEMED** filed.

    6.    The complaint is **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for the reasons in our Memorandum, as follows:

        i.    Mr. Matthews's excessive force claim is **DISMISSED WITH PREJUDICE**; and

        ii.    Mr. Matthews's claim for municipal liability is **DISMISSED WITHOUT PREJUDICE**.

    7.    Mr. Matthews may file an amended complaint within thirty (30) days of the date of this Order as to any claims dismissed without prejudice.  Any amended complaint must identify all defendants in the caption of in addition to identifying them in the body of the complaint and shall state the basis for Mr. Matthews's claims against each defendant.  **The amended complaint shall be a complete document that does not rely on the complaint or other papers filed in this case to state a claim.**  The amended complaint may not rely solely on exhibits to state a claim.  When drafting his amended complaint, Mr. Matthews should be mindful of the Court's reasons for dismissing the claims in his complaint as explained in our Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8.\tThe Clerk of Court is **DIRECTED** to send a copy of the complaint (DI 5) to Mr. Matthews, along with a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number.  Mr. Matthews may use this form to file his amended complaint if he chooses to do so.

9.\tIf Mr. Matthews does not wish to further amend, and instead intends to stand on his complaint as originally pleaded, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.[1]

10.\tIf Mr. Matthews fails to file any response to this Order, the Court will conclude that Mr. Matthews intends to stand on his complaint and will issue a final order dismissing this case.[2]

_____
**MURPHY, J.**

---

[1] *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors).